**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

NEXTCLIMB INVESTMENTS, LLC

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,

Defendants.

Civil Action No. 1:26-cv-06020

**JURY TRIAL DEMANDED**

**PLAINTIFF'S RESPONSE TO AMAZON'S MOTION TO STAY**

Plaintiff NextClimb Investments, LLC ("Plaintiff"), by and through its undersigned counsel, respectfully submits this response to Movant Amazon's Motion to Stay at Docket 36.

***Clarification Regarding The Categorization of UNOPPOSED***

Movant Amazon indicated in its filing that the motion is unopposed. However, when Amazon conferred with the undersigned, the undersigned was not informed that the motion would incorporate serious and unverified accusations against Plaintiff.

Prior to the filing of the motion, Plaintiff's Counsel only received one email from a paralegal seeking conference, who stated to Plaintiff's Counsel that Amazon intends to file a motion to stay the transfer order incorporated in the Consent Judgment at Docket 24, pending resolution of a "related motion" currently before Judge Kennelly in *NextClimb Investments, LLC v. The Partnerships and Unincorporated Associations Identified on Schedule "A,"* No.

1:26-cv-05593 (N.D. Ill.) ("Case 5593"). *See* Exhibit A, Email Exchange Between Paralegal of Amazon's Counsel and Plaintiff's Counsel. The paralegal also attached the related motion as a reference.

The related motion was largely redacted. All information available to Plaintiff's Counsel was that 1) Amazon believes that the Defendants subject to the transfer order in Case 5593 already had their accounts frozen by Amazon prior to the initiation of the lawsuit, and 2) that Amazon believes there are discrepancies between Plaintiff's trademark infringement claim and Defendants' selling activities on Amazon.com. However, the related motion was unaccompanied by affidavits from Amazon, and no Exhibits were attached to support Amazon's belief. Plaintiff's Counsel also had no access to the information in the redacted portion of the motion. Importantly, Amazon did not make accusations against parties or draw any conclusions in the related motion, at least not in the unredacted portion. Since Judge Kennelly ordered Amazon to file an unredacted copy by October 6, 2026, Plaintiff's Counsel has been waiting to see the full motion before he can respond or further investigate.

Plaintiff's Counsel did not oppose the motion to stay out of his endeavor to save judicial resources, considering that Judge Kennelly granted the related motion after reviewing the unredacted version. Plaintiff's Counsel also understood Amazon's rationale for attempting to preserve the funds.

However, Amazon surprised Plaintiff and its counsel, since Amazon, for the first time, accused Plaintiff of colluding with Defendants to withdraw funds from Defendants' frozen merchant accounts on Amazon.com in its motion to stay, and marked the motion as unopposed without fully informing Plaintiff and its counsel. Therefore, Plaintiff's counsel must make clear on the record that Plaintiff's non-opposition to Amazon's motion was based solely on the reason provided above and must not be understood as an admission of Amazon's newly incorporated accusations in the motion.

***Plaintiff's Position on Next Steps***

Lastly, the Consent Judgment was entered following a joint motion with both parties represented by Counsel. The Consent Judgment was entered and served on July 6, 2026, which ordered that "*In the event that Plaintiff chooses to enforce this Judgment with Amazon.com Services LLC ("Amazon"), Amazon is ordered to make a transfer from each Defendant's account up to the Damages Amount to Plaintiff's counsel within seven (7) calendar days of receipt of this Order.*" Dkt. 24 at ¶3. As of the date Amazon filed its motion to stay, 90 days had passed since Amazon received the order. However, Amazon has neither complied with this Court's order nor provided any evidence supporting Amazon's reason for delay. Amazon has not identified a single Defendant in this case whose account was frozen by Amazon before this lawsuit began, and has failed to explain what, if any, legal significance that would have. Amazon has also not provided any evidence showing any discrepancy between Plaintiff's claim and Defendant's infringement activities in this case.

Accordingly, Amazon has not provided sufficient basis to stay a Court order. However, out of caution, Plaintiff will not oppose a 7-day stay until Plaintiff's Counsel can review the full unredacted related motion later today, seek additional verification from Plaintiff, and potentially from certain Defendants' counsel. Plaintiff respectfully requests that the Court allow Plaintiff to supplement its response to Amazon's motion to stay within the next seven days.

Date: Oct 6, 2026

Respectfully submitted,

By: */s/ Shaoyi Che*

Shaoyi Che
(che@yzlaw.com)

YoungZeal LLP
9355 John W. Elliott Dr, Ste
25555, Frisco, TX 75033
Tel: (717) 440 3382
che@yzlaw.com
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that on Oct 6, 2026, I caused a true and correct copy of the foregoing document to be filed on the Court's CM/ECF system, which will serve a copy to all counsel of records of parties.

*By: /s/ Shaoyi Che*
Shaoyi Che